IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


HERBERT ANDERSON,

              Plaintiff,

   vs.                             Civil Action 2:12-CV-642
                                   Judge Marbley
                                   Magistrate Judge King

JULIE M. KAGEL,

              Defendant.


**REPORT AND RECOMMENDATION**


Plaintiff, state prisoner, brings this civil action asking "to appeal" to this Court from an order issued by the Ohio Supreme Court. This matter is now before the Court on its own motion to determine the Court's jurisdiction and for the initial screen required by 28 U.S.C. §§ 1915(e)(2), 1915A(b).[1]  For the reasons that follow, the Court concludes that it lacks jurisdiction to consider the claims asserted in the action and that the action fails to state a claim upon which relief can be granted.  The Court therefore recommends that the action be dismissed.

The Court must first consider the nature of this action. First, plaintiff refers to the action as having been filed under 28 U.S.C. §1291. *Application for Certificate of Appealability Pursuant to 28 USC Section 1291*, Doc. No. 1-1, p.1.  Section 1291 confers on **federal courts of appeals** the jurisdiction to review the "final decisions of **the district courts of the United States** . . ." (emphasis added). That statute does not apply to this action because plaintiff seeks to appeal

---

[1] Sections 1915(e)(2) and 1915A(b) require that the Court, acting on its own motion, dismiss an action such as this if the action fails to state a claim upon which relief can be granted.

to this district court a decision of the Ohio Supreme Court.  *See Notice of Appeal*, Doc. No. 1-3. Second, plaintiff invokes Rule 22(b) of the Federal Rules of Appellate Procedure, which requires the issuance of a certificate of appealability before an appeal can be taken in a habeas corpus action.  However, this is not an action for a writ of habeas corpus because plaintiff does not challenge his confinement.  Finally, plaintiff invokes "42 U.S.C. § 1983" and the Fourteenth Amendment to the United States Constitution. *Application for Certificate of Appealability Pursuant to 28 USC Section 1291*, Doc. No. 1-1, ¶¶ 9, 11-12.  He specifically alleges that, in *sua sponte* dismissing plaintiff's action in the Ohio Supreme Court, that court denied him his rights to due process and the privileges and immunities guaranteed by the federal Constitution.  *Id.* ¶ 19.  The Court concludes that, in light of plaintiff's claim in this regard, this is a civil rights action under 42 U.S.C. § 1983. Having so concluded, however, the Court also concludes that it lacks jurisdiction to entertain plaintiff's claims and that the action fails to present a claim upon which relief can be granted by this Court.

Based on the Court's review of the documents submitted by plaintiff, it appears that plaintiff filed a mandamus action in the Marion County Court of Common Pleas seeking to compel officials at the Marion Correctional Institution to follow certain procedures in connection with disciplinary proceedings against plaintiff.  That mandamus action was dismissed by a Common Pleas Court Judge and plaintiff thereafter filed a mandamus action in the Ohio Court of Appeals for the Third Appellate District.  That action was was also denied.  Plaintiff alleges that the "Clerk of Court, Marion County, Clerk, Julie M. Kagel,"

the named defendant in this action, denied his request for copies of his mandamus petition(s) in violation of Ohio's Public Records Act, O.R.C. § 149.43(A).[2] Plaintiff thereafter filed a petition for a writ of "habeas corpus ad testificandum" in the Ohio Supreme Court, *see Docket, State ex rel. Herbert Anderson v. Julie M. Kagel*, Case No. GEN-2012-0752 (Ohio Supreme Court), Doc. No. 1-4, pp 13-14, "[p]ursuant to §2241(C)(5)," asking that the Ohio Supreme Court bring him before "the court for a[n] Evidentiary Hearing." Doc. No. 1-4, pp. 40-41. Plaintiff also filed a motion seeking injunctive and monetary relief against defendant Kagel in connection with the claimed violation of Ohio's Public Records Act. *"Motion for Sanction for Violations of Chapter 149, Ohio Revise Code*," Doc. No. 1-4, pp. 15-21 [sic].  The Ohio Supreme Court dismissed the action:

> This cause originated in this court on the filing of a complaint for a writ of habeas corpus.
> Upon consideration thereof, it is ordered by the court, sua sponte, that this cause is dismissed.
> It is further ordered that the petitioner's motion for sanctions for violations of Chapter 149, Ohio Revised Code is denied.

*Entry*, Doc. No. 1-4, p. 12.

In the action presently before this Court, plaintiff contends that the Ohio Supreme Court "should not have rendered a judgment, sua sponte, based on its resolution [that] did not provide sufficient notice of deficiencies in the complaint, an opportunity to amend or to dispute whether dismissal is appropriate." *Appeal Brief*, Doc. No. 1-4, p. 2. Plaintiff asks this Court to review the decision of the Ohio Supreme

---

[2]It is not clear to this Court when the alleged denial of plaintiff's request for copies occurred.

Court and "remand[] [the action] to the Ohio Supreme Court with instruction consistent with pubic record act of ORC Title 149.43 sanctions [sic]." *Appeal* Brief, Doc. No. 1-4, pp. 2-10.

This Court lacks the jurisdiction to entertain plaintiff's claims or to grant the relief that he seeks. The "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the United States Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005), citing 28 U.S.C. § 1257 ("Final judgments . . . rendered by the highest court of a State . . . may be reviewed by the Supreme Court . . ."). Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to "review and reverse unfavorable state-court judgments." *Id.*, citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Of Columbia Ct. of App. v. Feldman,* 460 U.S. 462 (1983). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Raymond v. Moyer*, 501 F.3d 548, 551 (6th Cir. 2007)(holding that lower federal courts were barred from hearing civil rights case challenging decision of the Ohio Supreme Court).

Because this Court lacks jurisdiction to review the decision of the Ohio Supreme Court, and because plaintiff has failed to state a claim upon which relief can be granted, it is **RECOMMENDED** that the action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King
Norah McCann King
United States Magistrate Judge

DATE: July 20, 2012